**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4236

GINA MICHELLE WILSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-97-699)

Submitted: February 25, 1999

Decided: March 11, 1999

Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

James Darrell Dotson, Jr., Lake City, South Carolina, for Appellant.
William Earl Day, II, Assistant United States Attorney, Florence,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gina Michelle Wilson pled guilty to fraud in violation of 18 U.S.C. §§ 1341, 2 (1994). The court entered its judgment on February 4, 1998. Wilson was continued on bond with instructions to self report; the institution and date for reporting were then unknown. On March 23, 1998, the district court entered a letter from Wilson dated March 11, 1998, and postmarked March 19, 1998. The district court treated the letter as a pro se notice of appeal and motion for extension of time to file an appeal.

In criminal cases, the defendant must file the notice of appeal within ten days of the entry of judgment. With or without a motion, when the notice of appeal is filed within thirty days of the expiration of the appeal period, the district court may grant an extension of time to file not exceeding thirty days upon a showing of excusable neglect. See Fed. R. App. P. 4(b); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). Wilson's notice of appeal was filed forty-seven days after judgment. If Wilson was in custody at the time she attempted to mail the notice of appeal, it could be deemed to be filed upon delivery to prison officials. See Houston v. Lack, 487 U.S. 266, 270 (1988). However, the envelope was postmarked in South Carolina and Wilson's home address, rather than the federal institution in Florida where she is now incarcerated, was on both the envelope and the letter indicating her desire to appeal. Because the postmark was forty-three days after judgment and outside the excusable neglect period, if Wilson was not in custody when the notice of appeal was mailed, the district court was without jurisdiction to grant her an extension of time to file. See Reyes, 859 F.2d at 353. Without making a determination on this point, the district court denied Wilson an extension of time, finding that she had not shown excusable neglect for failing to meet the deadline.

In her letter to the court, Wilson stated that she spoke with her attorney several days after sentencing and that he told her he did not think an appeal would do her any good. Since then, she said she had been told by someone else that she could have an appeal if she wanted one. Giving Wilson the benefit of the doubt and treating her notice of

2

appeal as timely under <u>Houston</u>, we find that the district court did not abuse its discretion in denying her an extension of time to file for excusable neglect. Therefore, the notice of appeal was untimely.*

We dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

_____

*Wilson's attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), raising one issue. Wilson has filed a pro se supplemental brief contesting the amount of loss although she stipulated to the amount of loss in her plea agreement and raised no objection to the loss calculation at sentencing. She also claims that her attorney was ineffective in failing to appeal, that she had a minimal role in the offense, and that mitigating factors dictated a shorter sentence.